UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| W.S., M.S., and C.S.,<br><br>    Plaintiffs,<br><br>v.<br><br>EDMONDS SCHOOL DISTRICT, a municipal Washington corporation,<br><br>    Defendant. | No.<br><br>PETITION FOR JUDICIAL REVIEW AND COMPLAINT |

## I.    PRELIMINARY STATEMENT

Federal and state law requires that Individualized Education Programs (IEPs) for special education students consider the academic, developmental, and functional needs of the child. C.S., a high school sophomore with Autism Spectrum Disorder, emotional disturbance, and Attention Deficit Hyperactivity Disorder, had documented problems with desiring social acceptance from students who mocked him, manifesting depression at school, refusing to do schoolwork, and disrupting class. His IEP only provided him one goal: to

PETITION FOR JUDICIAL REVIEW AND COMPLAINT - 1

CASSADY MINEIRO, PLLC
810 Third Avenue, Suite 500
Seattle, WA 91804
Tel. (206) 452-5665
Fax (206) 299-9960

reduce missing assignments. This culminated in a traumatic event for C.S. in which students he considered his friends accosted him with a realistic-looking gun in the school bathroom, filmed his reaction, and posted it on social media. C.S. was admitted to an inpatient psychiatric facility following this incident. The Edmonds School District (District) did not reevaluate C.S. and develop an appropriate IEP for him.

C.S. entered into a downward spiral as other students posted videos mocking him on social media and spread them far and wide. By the end of the school year, he could not attend a full day of school, and told his parents that he kept having flashbacks of a gun held to his head. His parents notified school staff they were concerned he had Post Traumatic Stress Disorder. The District did not offer an IEP with the services and placement that were informally discussed with parents to address C.S.'s urgent needs. His parents, left without a concrete IEP from the District before the following school year, placed C.S. in a residential treatment center, Boulder Creek Academy, so that he could receive intensive psychological support to attend school.

The District took the position that it did not need to reevaluate C.S. or formally offer an updated, appropriate IEP for his parents to consider before the start of the new school year, and an administrative law judge agreed. Further, the administrative law judge erred by holding that the District was not required to address any of C.S.'s disability-related needs in an IEP other than those that C.S. received qualifying test scores for in a previous special education evaluation. Such a narrow interpretation of the law fails to recognize the expansive scope of IEPs and procedural requirements for the IEP development process. This interpretation would leave parents of students who develop worsening mental health conditions and needs unaddressed by their existing IEP without recourse.

PETITION FOR JUDICIAL REVIEW AND COMPLAINT - 2

## II. PARTIES

1.1 W.S. and M.S., parents of C.S., reside within the District's boundaries in Woodway, Washington, where they have resided at all times relevant to this action. The Plaintiffs' mailing address is on file with the Washington Office of the Superintendent of Public Instruction, where the administrative proceedings from which this appeal is taken originated. C.S., age 19, currently lives in Coeur d'Alene, Idaho, while attending school. He also resides with his Parents in Woodway, Washington, when he is not at school. He was a minor who resided with his parents within the District's boundaries in Woodway, Washington, through the time he was placed in the private school for which reimbursement is sought.

1.2 Defendant EDMONDS SCHOOL DISTRICT is a municipal Washington corporation located in Edmonds, Washington.

## III. JURISDICTION

2.1 Plaintiffs' claims arise under the Individuals with Disabilities Education Act (IDEA). 20 U.S.C. §1400 *et seq.*; and its implementing regulations, 34 CFR Parts 300 and 301; and the state Education for All Act (State Act), Chapter 28A.155 RCW; and its implementing regulations, WAC Chapter 392-172A.

2.2 This Court has jurisdiction pursuant to 28 U.W.C. §§1331 and 1343; 20 U.S.C. §1415(i)(2)(A); and, as to the state claims, pursuant to its pendent jurisdiction.

CASSADY MINEIRO, PLLC
810 Third Avenue, Suite 500
Seattle, WA 91804
Tel. (206) 452-5665
Fax (206) 299-9960

IV.     ALLEGATIONS

3.1     Each school district and state receiving federal funds must evaluate and identify all students who are suspected of being a child with a disability and in need of special education that are residing within their boundaries, regardless of the severity of the disability and whether the students are passing from grade to grade. 20 U.S.C. §§ 1400(d)(1), 1412(a)(1), (3) & (7), and 1414(a) through (c); 34 CFR §§300.125, 300.300 and 300.320; WAC 392-172A-02040 and 392-172A-03005 through -03040.

3.2     Pursuant to 20 U.S.C. § 1413, and the State Act, RCW 28A.155 *et seq.,* and WAC 392-172A-06000, and as a condition to the receipt of federal funds, the District submitted an application for funds to the state education agency (OSPI).

3.3     The application contains assurances that the District is in compliance with the provisions of the IDEA and its implementing regulations.

3.4     The District has received and is receiving federal and state funds under the IDEA and the State Act. These funds are for the purpose of providing students with disabilities within the District's boundaries with a free appropriate public education.

3.5     The term "child with a disability" includes students with autism, emotional/behavioral disabilities, and Attention Deficit Hyperactivity Disorder (ADHD), and who by reason thereof need special education and related services,  IDEA, 20 U.S.C. § 1401(3); 34 C.F.R. 300.8; and State Act implementing regulations at WAC 392-172A-01035.

3.6     At the beginning of each school year, the District must have an IEP in effect for each child with a disability within its jurisdiction. 20 U.S.C. § 1414(d)(2)(A)-(C); 34 CFR 300.323; WAC 392-172A-03105.

PETITION FOR JUDICIAL REVIEW AND COMPLAINT - 4

CASSADY MINEIRO, PLLC
810 Third Avenue, Suite 500
Seattle, WA 91804
Tel. (206) 452-5665
Fax (206) 299-9960

3.7     A child with a disability's IEP must be revised as appropriate, pursuant to IDEA 20 U.S.C. § 1414(d)(4)(A)-(d)(4)(B); WAC 392-172A-03110(3).

3.8     The IDEA and State Act provide that each local educational agency shall ensure that a child with a disability is assessed in all areas of suspected disability. 20 U.S.C. § 1414(b)(3)(B); WAC 392-172A-03020.

3.9     Under the IDEA and federal and state regulations, a parent has a right to an impartial due process hearing to resolve disputes regarding their child's identification, evaluation, educational placement, or the provision of a free appropriate public education. 20 U.S.C. § 1415(b)(6); 34 CFR 300.507(a); and WAC 392-172A-05080.

3.10    C.S. was qualified for special education services by the District under the IDEA at all relevant times.

3.11    In March 2017, C.S.'s ninth grade year, the District conducted a reevaluation of his educational needs. This evaluation noted the adverse affects of C.S.'s disabilities on his educational performance. As part of this reevaluation, C.S.'s teachers submitted narrative descriptions of C.S. and filled out standardized questionnaires describing their concerns about his social, emotional, behavioral, and communication skills and level of functioning. W.S. and M.S. also communicated their concerns about C.S.'s behaviors in the home. The school psychologist at that time recommended that C.S. receive specially designed instruction (SDI) in the area of organization. However, the District's evaluation report contains extensive information about C.S.'s deficits in other areas in addition to organizational skills.

3.12    An IEP is a statement setting forth the special education and related services, accommodations and placement to be provided to a child with disabilities to meet their

PETITION FOR JUDICIAL REVIEW AND COMPLAINT - 5

CASSADY MINEIRO, PLLC
810 Third Avenue, Suite 500
Seattle, WA 91804
Tel. (206) 452-5665
Fax (206) 299-9960

unique needs. The IEP is developed in a meeting of required team members including the parents. This process requires that the team look at multiple sources of information and needs of the child, not only the results of the child's evaluation.

3.13    C.S.'s tenth grade IEP from March 13, 2018 repeated the same area of instruction and single goal from his prior IEP from 2017, in organizational skills. It did not address his failure to make progress, nor the multiple areas of concern and needs reported by C.S.'s teachers and parents with regards to his behavioral, social, communication, and emotional functioning.

3.14    In the spring of 2018, C.S.'s behavior and emotional state at school deteriorated, which school staff communicated to his parents. The student was noted by school staff as engaging in distracting, disruptive, and immature behavior to gain attention from peers. He had multiple disciplinary referrals. He was invited by the assistant principal for regular office visits to discuss suicidal ideation and emotional problems. Parents received frequent concerned phone calls about C.S.'s emotional well-being, such as C.S. appearing to have panic attacks or curled up in a corner at school. At this time C.S. also was receiving mental health treatment and had hospital and police visits due to suicidal threats and aggressive behavior.

3.15    On May 8, 2018, C.S. was lured into a school bathroom by students he thought were his friends. An eighteen-year old student held a replica law enforcement service weapon to his head while two other students filmed it. The incident was publicized in the news media. Students throughout the District distributed video of the incident on social media. This incident was investigated by the Edmonds Police Department and District. The aggressor student was held in the Snohomish County Jail and booked on 2nd degree assault charges.

PETITION FOR JUDICIAL REVIEW AND COMPLAINT - 6

CASSADY MINEIRO, PLLC
810 Third Avenue, Suite 500
Seattle, WA 91804
Tel. (206) 452-5665
Fax (206) 299-9960

3.16    C.S. was hospitalized at the Seattle Children's Hospital psychiatric unit for a week following this incident.

3.17    The District did not initiate a reevaluation, although it noted that parents requested one in its documentation. Instead, the District conducted a cursory review of C.S.'s hospital discharge paperwork and characterized it as an "Assessment Revision."

3.18    The District did not hold an IEP meeting to develop C.S.'s IEP to address C.S.'s worsening issues and multiple areas of need. Instead, the District amended the IEP without a meeting, solely to add weekly related service minutes with a behavior specialist.

3.19    C.S. was not able to attend school for a full school day for the rest of the school year, at times asking to be picked up at 8:30 in the morning. He reported having flashbacks of the gun, resisted coming to school, and was nauseous on a daily basis on the way to school. His parents discussed their concern with school staff that he had symptoms of PTSD. He also refused to do his school work. He ended the school year failing several classes. C.S. was only able to meet with the behavior specialist once.

3.20    Unbeknownst to his parents, C.S. knew that other students were posting cruel videos of him singing and dancing, and referring to his hospitalization, which they spread on social media. C.S. discussed the social media harassment with the assistant principal. C.S. disclosed verbal and physical harassment by other students to his parents, who reported it to school staff. C.S. thought the students that bullied him were his friends and did not want to get them in trouble, which his parents expressed concerns about to the school.

3.21    School staff created informal plans to address C.S.'s behavior and emotional needs, but did not add them to his IEP. The assistant principal created a pass system where

PETITION FOR JUDICIAL REVIEW AND COMPLAINT - 7

CASSADY MINEIRO, PLLC
810 Third Avenue, Suite 500
Seattle, WA 91804
Tel. (206) 452-5665
Fax (206) 299-9960

C.S. could leave class and be picked up to go home any time he wanted. The IEP was not modified to a reduced instructional day.

3.22    School staff and District administrators discussed the possibility of C.S. being moved to an "autism program" at a different school and providing him a 1:1 aide, as well as paying for private mental health counseling. The District did not convene an IEP team meeting and these services and placement were not added to C.S.'s IEP.

3.23    The District transferred C.S. to a new high school for the 2018-2019 school year, where the parents were told the "autism program" was located.

3.24    W.S. and M.S. requested an Independent Educational Evaluation (IEE) from the District in July of 2018, pursuant to IDEA 20 U.S.C. §1415(b)(1) and (d)(2)(A); 34 CFR 300.502, and the State Act's implementing regulation WAC 392-172A-05005. The District did not ensure that an IEE was provided at public expense, nor did it initiate a due process hearing against the parents to defend its evaluation. W.S. and M.S. then obtained private evaluations of C.S. at their own expense.

3.25    C.S. continued to display signs of PTSD over the summer of 2018 and he was ultimately diagnosed with PTSD. His parents thought he was too severely psychologically impacted to attend school and no appropriate, updated IEP was in place for him. They provided written notification to the District on August 26, 2018 that they were rejecting C.S.'s IEP as inappropriate and intended to place him in a residential treatment center, Boulder Creek Academy (BCA), for which they sought reimbursement from the District.

3.26    The District did not convene an IEP meeting and instead issued written notice on August 28, 2018 that it rejected the residential placement, and then initiated a reevaluation to respond to W.S. and M.S.' unilateral placement of C.S.

PETITION FOR JUDICIAL REVIEW AND COMPLAINT - 8

CASSADY MINEIRO, PLLC
810 Third Avenue, Suite 500
Seattle, WA 91804
Tel. (206) 452-5665
Fax (206) 299-9960

3.27    W.S. and M.S. attended school meetings to discuss the District's reevaluation and proposals for an IEP for C.S. They objected to the reevaluation due to the District's failure to take C.S.'s PTSD triggered by school and school bullying into account. The District did not convene an IEP meeting until November 19, 2018 to discuss a draft IEP for C.S., but failed to invite C.S.'s general education teachers, to which W.S. and M.S. objected.

3.28    A final IEP for C.S was not offered to W.S. and M.S. until February 20, 2019, 178 days after they served reimbursement notification to the District of their unilateral placement due to their FAPE dispute.

3.29    C.S. attended BCA until March 2020 and received educational benefit.

3.30    W.S., M.S. and C.S. requested a due process hearing and a determination that the District failed to appropriately evaluate and develop C.S.'s IEPs; that C.S. lost educational opportunity as a result of the District's failure to offer appropriate programming to him prior to his enrollment at his parents' expense at BCA; that the District denied C.S. a free appropriate public education (FAPE); providing C.S with compensatory education and further relief; and reimbursement for all private evaluations obtained by the parents.

3.31    An administrative hearing was held in October of 2018. On December 23, 2018, and the administrative law judge issued a final decision determining that the District did not deprive C.S. of a FAPE. *In re Edmonds School District- Special Education Cause No. 2020-SE-0005*.

3.32    The administrative court erroneously concluded that the District provided a FAPE and complied with the IDEA.

3.33    The administrative court's findings and conclusions were not supported by substantial evidence.

PETITION FOR JUDICIAL REVIEW AND COMPLAINT - 9

CASSADY MINEIRO, PLLC
810 Third Avenue, Suite 500
Seattle, WA 91804
Tel. (206) 452-5665
Fax (206) 299-9960

3.34    The administrative court committed errors of law.

3.35    The final decision was arbitrary and capricious as well as contrary to law.

## V.    CAUSE OF ACTION

4.1    The allegations in Paragraphs 1-3.35 are re-alleged and incorporated by reference here.

4.2    The District failed to provide a free and appropriate public education to C.S.

4.3    The District violated the IDEA, 20 U.S.C. § 1400 *et seq.,* and its implementing federal regulations.

4.4    The District violated the State Act, Chapter 28A.155 RCW and WAC Chapter 392-172A.

## VI.    REQUEST FOR RELIEF

WHEREFORE, Plaintiffs request that this Court:

1. Assume jurisdiction of this action;

2. Reverse the erroneous findings and conclusions of the administrative court;

3. Enter a declaratory judgment that the District denied C.S. a free appropriate public education under the IDEA and state law;

4. Enter a declaratory judgment that C.S. is entitled to educational services to compensate him for the loss of educational opportunity caused by the District's failure to provide him a FAPE from March 13, 2018 until he was placed by his Parents at Boulder Creek Academy;

5. Enter a declaratory judgment that C.S. received an appropriate education at Boulder Creek Academy;

PETITION FOR JUDICIAL REVIEW AND COMPLAINT - 10

CASSADY MINEIRO, PLLC
810 Third Avenue, Suite 500
Seattle, WA 91804
Tel. (206) 452-5665
Fax (206) 299-9960

6. Enter an order requiring the District to reimburse the Plaintiffs for all costs of C.S.'s placement at Boulder Creek Academy as compensatory education, including room and board, transportation, travel, and other related or supportive services the Parents have paid related to such placement;

7. Enter an order requiring the District to reimburse the Plaintiffs for the private evaluations they obtained due to the District's failure to conduct a reevaluation;

8. Grant Plaintiffs their costs and attorney's fees for pursuing this action and the administrative hearing below, pursuant to 20 U.S.C. §1415(i)(3)(B);

9. Award any further relief the Court deems appropriate.

Respectfully submitted this 22nd day of March, 2021.

CASSADY MINEIRO, PLLC

_____
Nicholle S. Mineiro, WSBA #47745
Charlotte D. Cassady, WSBA #19848
810 Third Avenue, Suite 500
Seattle WA 98104
Tel. (206) 452-5665
Fax (206) 299-9960
nicholle@cassadylaw.org
charlotte@cassadylaw.org

PETITION FOR JUDICIAL REVIEW AND COMPLAINT - 11

CASSADY MINEIRO, PLLC
810 Third Avenue, Suite 500
Seattle, WA 91804
Tel. (206) 452-5665
Fax (206) 299-9960